Summer 2012 7014 MCBETH v. SHINSEKI Miss Gerard Grady Good morning Nice to see you again. You may begin. Thank you Virginia Gerard Grady appearing on behalf of the veteran. Mr. McBeth. I think as the court is aware I am asking the court to reconsider the subsuming doctrine which is precedent in this court and which basically permits a later decision in a case to for instance if a veteran files an original claim for benefits and is denied and that Decision becomes final because it is not appealed and then there is a later decision that denies reopening of that earlier claim Then the subsuming doctrine provides that that earlier decision can be subsumed into or swallowed essentially by that later decision such that the veteran is no longer able to challenge that earlier decision under the 38 CFR 3.105 a Gerard Grady here. Let's talk about the elephant in the room. Are we bound by stare decisions? Well, your honor, I would say that this court has in the past overturned decisions that it found to be Mistake or a principle their doctrine as a panel as a panel Three judge panel cannot overturn a prior three judge panel opinion Well, I apologize your honor I would act with the case and I suppose we referred I realize that that's This is after the fact May I proceed with the argument nevertheless or no. Well, I Mean you've made a record in the briefs now if your objective is To overturn a precedent and to set the basis to do that in a petition for a hearing on bonk You've accomplished that in the brief I don't know that there's anything else to add The argument is strictly a matter of it is a legal one as I understand it. Yeah, you're basically saying that our precedent in Brown versus West and Donovan and In other cases is is wrong. It needs to be corrected. Yes, your honor I don't know unless my colleagues have anything else. Well, I Agree right we cannot overrule her our own precedent but we are here and and the parties are here and I wouldn't mind just hearing a brief summary of the merits and What she why? Why she feels that our precedent is is incorrect well, I have no objection to that, but I would be brief and As I said you you've essentially made the record in the briefs and I don't know that there's much to add but oh but Go ahead. You can give us a brief summary. Well, I appreciate that your honor in this case 3.105 a which is the regulation that I'm discussing it permits a collateral challenge to a previously final decision and Is a specific type of error that is based upon the facts and law as they existed at that time It doesn't consider anything that happened afterwards that there was a change in the law later There's a change in the fact none of that matters It is specific to that decision and to the question that was for the adjudicator at that time The subsuming doctrine allowed a later decision to come in and subsume that earlier decision Even though the later decision does not answer the same question Typically a claim for reopening is based upon new and material evidence the question in reopening is whether the veteran has submitted new and material evidence a new material a Decision on a reopening and specifically a denial of reopening does not include or encompass a Q analysis It's not looking at whether or not that earlier decision was right or wrong clear and unmistakably Erroneous it's looking at whether or not the veteran has submitted new evidence That raises the possibility that the veteran may be now entitled to benefits based on this new evidence So therefore the denial is not based upon an error in the earlier decision it's based upon whether or not there's new evidence that's material to the earlier decision and In light of the evidence that was in the record a later decision on a claim for reopening does include Consideration of that earlier evidence but it looks at that evidence in light of the new evidence it is never going to be the same question a Deniable claim for reopening is never going to be a Q claim a Q claim specific error. It's a collateral challenge it's like a habeas challenge to a Conviction or sentence it's based on whether or not there was an error in that prior decision the subsuming doctrine, of course Applies when you have the same arguments being raised the same argument that was that was raised in the earlier proceeding Is there any question in this case that the argument that you're raising now is different from the earlier decision? well, in fact a Q claim has never been permitted in this case in the earlier Let me in the earlier decision the veteran was seeking service connection based on the evidence in the record So it was a merit determination in the second decision, which the board Although we all agree there was a CBC determination But what the decision that they say since was subsumed should have been subsumed the earlier decision That was a claim for reopening and the question in that case was whether or not the veteran had submitted new and material evidence Sufficient to reopen but this is the same back injury that was determined earlier, correct? Yes. It's still a claim for the same same Disability, but the question is the question the legal question in the second adjudication is different It is not the same question in the earlier decision The facts remain the same the facts remain the same although the facts in the second decision There are there is new evidence and in fact in this case the 1991 board decision reopened and it reopens because it found that there Has been new evidence submitted by the veteran that for substantially upon the earlier decision and it denied It denied the claim based on the merits of the claim it did not deny actually a reopening It's a night on the merits based upon new evidence that had been submitted by the veteran but then that new evidence was considered and that decision was then subsumed in the in the Subsequent appeal, correct? Well, yes, whichever comes up by now the of the earlier decision So again, we're talking about the same injury in both cases You're always talking about the same injury whenever there's a new claim for reopening under VA law a veteran can continue to file claims for reopening For the same disability over and over and over again talking about the same same injury But when you open up a case you can only do it with new facts. That's correct And there are no new facts in this case Well, there was new evidence in 1991 and eventually there was new evidence that got veteran awarded service connection in 2002 Yes, but all that's been considered there are no new facts that that arise under your argument You're not arguing new facts. No, I'm not The veteran was not arguing new facts when he attempted to reopen his claim back in 1989 But the board's decision was not based upon whether or not there was an error in that prior decision Q is a specific claim It is specific to the decision that is being challenged that earlier decision has to contain an error of fact or law Based upon the evidence and the law as it existed at that time It is a challenge to the decision is not it is not asking to reweigh the facts or evidence in that earlier decision It is a challenge to the decision and whether there was a clear and unmistakable error in that decision The later decision did not address that question that later decision looked at the evidence It looked at the new evidence and it made a new decision based on that evidence But the question was not whether or not there was clear and unmistakable error. It did not encompass that However, I would say that if the court wants to say that it did Then that overcomes the finality of that earlier decision and so if the veteran had been awarded then he should have gotten an effective date back to the date of that original claim under the subsuming doctrine Because the problem essentially with that subsuming doctrine is that it improperly overcomes the finality of that earlier decision The law values finality and in fact under VA law The only way you can overcome finality is by asserting clear and unmistakable error in a prior decision Let me also know that if a claim is denied on reopening in a later like in the 1991 decision Assuming that the veteran could assert cue in that decision You have any basis in any statute regulation case or anything else? To say that a final decision by the RO becomes unadjudicated and not final Somehow when there is subsuming Well, if a veteran is not allowed to attack that prior decision under 3.105 a then I'm assuming that the basis for that Is because it is no longer a previously final decision No, that's an assumption in your report. What I'm asking you is do you have any Statutory regulatory or any other basis for making that assumption? No, your honor All right, anything else no, all right. Thank you. We'll hear from the government. Do you have anything to add? Mr. Scarlato, good morning morning. May it please the court Matthew Scarlato on behalf of the government Your honor this court should affirm the veterans court holding that the subsuming doctrine prohibits Mr. McBeth from receiving the relief he seeks As your honor just indicated subsuming doctrine is well established law For over a decade cases such as Donovan, Dittrich and Brown have all affirmed that veterans such as Mr. McBeth Cannot bring clear and unmistakable challenges to regional office decisions already affirmed on appeal by the board and Veterans court as in this case Is there anything different in the claim that's being asserted now and the claim that was decided in the earlier case? Your honor this case is Donovan this case. In fact, even the argument that the answer is there's no difference There is no difference. That's correct. Your honor Edmond Donovan, Mr. McBeth had his chance to claim benefit and his decision was in 1982 and he lost and this was for his lower back Condition he didn't appeal that decision directly, but he waited about seven years to 1989 to seek to reopen And that claim was in fact reopened and I think the point here That that opposing counsel misses is that when the claim is reopened? Yes, there is this new and material evidence considered but the court goes back to the original evidence presented and also does a review of that evidence and And that's reflected in the board and the veteran court's decision The board conducted a day-no-go review of all the evidence the 1982 evidence plus the new material evidence presented in 1989 Mr. McBeth then brought that appeal after losing at the at the board to the veterans court and the veterans court affirmed the board's denial Holding that quote after a complete and thorough review of the record the court Finds a plausible basis for this board's decision and your honor as this court recognized in Donovan That is really the end of the ballgame Because at that point if Mr. McBeth as he does here is seeking to assert clear and unmistakable error in that Decision well clear and unmistakable error is a very high bar This court is made clear and is reflected in regulation that it requires that no reasonable mind could disagree about the error in the decision Well, Mr. McBeth already received a day-no-go review of all the evidence in the 1982 decision So now we here today to attempt to to be permitted to allow a regional office to review that veterans court and the board Denial on the same factual basis and and that's where the law and Congress's statutory scheme in this area is Critical and again, it brings us back to Donovan Mr. McBeth's argument on the field before this court primarily rests on section 3.105a That's exactly the argument that the veteran in Donovan made and this court Gave three very critical reasons why section 3.105a does not Assist veterans such as Mr. McBeth Essentially the argument is because section 3.105a is silent on the issue of how many clear and unmistakable errors Veterans entitled to bring before the court It should this course interpreted in a pro veteran manner and permit essentially an endless barrage of clear and unmistakable error challenge And your honor that is not the law as this court in Donovan and districts has already affirmed That the silence in 3.105a does not override Congress's statutory scheme for how veterans appeals should be should be heard and really it's two things first Finality once the board renders a decision on an issue that that should be the end of it now Recognizing that collateral challenges are permitted based on clear and unmistakable error We still have Congress's statutory scheme in setting up a process and that process starts with a regional office Goes to an appellate tribunal on the board and then ultimately the veterans court and in permitting acute challenge in a regional office To a same exact claim already decided by a superior tribunal you put a regional office in the position as an appellate tribunal and And Donovan and Dittrich and other cases affirm that that the law cannot be as such it would be the same as an Eastern District of Virginia reviewing this court's decision in this case, which is something that is not anomalous to the federal court system We would never let that happen Exactly nor your honor should they let it happen here and that's why we're here today So mr. Mcbeth's notion that section 3.105 Excuse me, that the subsuming doctrine creates this impermissible exception The 3.105 is is contradicted by this court's precedence which as your honor Notice that is Yeltsin in the room here is bound by that prior precedent And beyond that as rejected in Donovan, it's just not persuasive or reflective of the law So then just to briefly address Mr. Mcbeth's second argument on appeal because that argument hinges on the court's acceptance of the subsuming doctrine Mr. Mcbeth argued that even if this court accepts the subsuming doctrine, excuse me this court should quote address the impact that the doctrine has upon the appropriate effective date for an award of benefits and then it is to make that to you Addressing this issue will lead the court to commit the earlier effective date because it quote defeats the finality of that earlier decision now again Your honor mr. Mcbeth problem here is that Congress has spoken on this issue arrest Congress has provided that veteran is entitled to this earlier effective date that mr. Mcbeth Mr. Mcbeth sees only for clearance on the state will ever challenge which can be found in 38 USD 5109 a on the other hand in challenges such as The challenge in which mr. Mcbeth was successful a new and material evidence a new claim the earlier effective date can only be The later date that mr. Mcbeth ultimately received in this case So whatever legal fictions mr. Mcbeth conjures up about how the court should apply the consuming doctrine Congress has limited the effect that analysis can have on the application of effective dates and Again, this result is critical It preserves as this court was it recognized in Donovan both the finality and the proper adjudicatory process established by Congress Here, mr. Mcbeth has received his chance to receive benefits and lost He then five years later received a second chance to challenge that original denial and lost after taking his claim throughout the appellate process and Although mr. Mcbeth ultimately received the benefits he sought That was based on new evidence, which was the two medical evaluations that were were issued in 2002 But that evidence could not establish a clearance on the state will ever in a regional office decision 20 years prior so Although he eventually approved his right to benefit states on this new evidence The subsuming doctrine as recognized in Donovan Dittrich Disabled American veterans, which which we do not cite, but it is relevant The subsuming doctrine bars any attempt to trace mr. Mcbeth claim back to that original decision 20 years prior This is required by the court's precedent and is recognized in Congress as statutory scheme Therefore your honor we ask this court to affirm the veterans court holding that the subsuming doctrine bars. Mr. Mcbeth's claim Thank you, thank you very much Mr. R. Gray any comment Just briefly your honor one of the things that the secretary noted was that the board decision affirmed the 1982 decision and that of course is not correct because the 1982 decision had become final the board decision in 1991 did not derive from that decision it derived from a later rating decision Which the veteran did appeal to the board the board decision reviewed that decision it did not review the 1982 decision There was no review of the 1982 decision because it was an appeal and it became final and a 3.105 a the veteran should Have been able to assert Q in that earlier decision if he chose to do so He has never had that opportunity the veteran filed a claim for reopening He attempted later to file a claim for Q but was denied because they said that the 1991 decision the subsuming doctrine says It's a 1991 decision somehow subsumed the 1982 decision So he's not permitted to challenge that under 3.105 a which may I have no present to say that overcomes the finality But I would say that if under 3.105 a if the veteran is not allowed to take advantage of that Regulation and he is denied the opportunity to challenge that 1982 decision under that regulation Then my understanding is that that would overcome the finality that is you cannot bring a Q claim unless you have a previously final decision He had a final decision Later he filed a claim for reopening that was denied that claim for reopening The denial of that claim was not based upon finding that there was an error There was no specific allegation of Q with that later. That was a reopening claim There is a very distinct difference between a Q claim and a reopening claim a reopening claim does not Consider Q in a prior decision. Those are two separate claims and the subsuming doctrine Puts them together and says if there's a later reopening it's denied and that's automatically a Q claim that was had Well, that's not correct. And that's actually that's contrary to this court's law that talks about what a Q claim is Was the 1982 decision considered With the new evidence presented in 91 in 1991. They did not consider the decision They looked at the evidence that was in the record at the time of that early decision But in contrast and in conjunction with the new evidence that had been submitted But the new evidence that was submitted in 91 was submitted in connection with the claim that was earlier Adjudicated in 1982, correct? That's correct. Your honor. Why is that not subsumed? Well, if it's subsumed Then why doesn't he get the effective date back to the date of the original claim? If it's a claim for reopening that gets granted you get back to the date of the claim for reopening and that's fair It's fair because the claim for reopening is based upon the submission of new material evidence The VA can't be held accountable for evidence that didn't exist at the time of the prior decision If a veteran files a Q claim and is able to reverse that earlier decision that was not appealed He gets the effective date back to that date. The subsuming doctrine takes that possibility away These two claims are very very different A Q claim is specific. It's a collateral challenge for prior decision. It doesn't matter what happened after new material evidence change in the law It doesn't matter. All you look at is what happened right then in 1982 What was in the record what the law was and whether there was a clear and unmistakable error in application of law to the fact or whether there was a finding that was Contrary to the evidence of the case. So for instance, the Q claim would be The regional office finds that the veteran didn't have a diagnosis and in fact in the evidence at that time There was evidence of a diagnosis. That's Q The later decision or reopening has an entirely different question The question in that case is has the veteran now submitted evidence of diagnosis or evidence that Relates to the basis for the earlier denial What was missing in the record previously that was the denial was based on that has now been submitted That entitles the veteran to get that claim reopened if he gets it reopened He gets to the date the claim was for reopening was filed, which makes sense There's new evidence. The reopening is based on new evidence Q is an entirely different animal and That's basically why I say very good. Thank you. The case is submitted